IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Justin Dewayne Barr, ) | Civil Action No. 4:12-1920-TLW |
| ) | Cr. No. 4:09-515 |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| The United States of America, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

This matter comes before the Court for consideration of the pro se motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by the Petitioner, Justin Dewayne Barr (hereinafter "Petitioner" or "Defendant").

On May 27, 2009, a federal grand jury returned a Superseding Indictment against Petitioner charging him with a number of offenses. On September 2, 2009, Petitioner pled guilty to one count of being a felon in possession of ammunition in violation of Title 18 U.S.C. Section 922(g) and one count of possession with intent to distribute a quantity of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)©. On December 9, 2009, Petitioner was sentenced as an armed career offender to 180 months imprisonment. The Judgment was entered on December 21, 2009. Petitioner sought a direct appeal of his sentence. On March 19, 2010, the Fourth Circuit remanded this case for resentencing in light of the Court's decision in United States v. Deangelo Rivers, 595 F.3d 558 (4th Cir. 2010). On remand, Petitioner was sentenced as a career offender, instead of as an armed career offender, and received a total sentence of imprisonment of one hundred fifteen months. He received a downward departure at sentencing. An amended Judgment was entered on June 21, 2010. On

1

appeal, the Court of appeals affirmed the Petitioner's conviction and sentence by Opinion and Judgment filed July 12, 2011.

Thereafter, Petitioner, proceeding pro se, filed the current motion under 28 U.S.C. § 2255 on or about July 9, 2012. On July 24, 2012, the Government filed a motion for summary judgment and supporting memorandum in opposition to Petitioner's petition. (Doc. # 130 & 131). Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised by Order filed July 25, 2012 that he had thirty-four days to file any material in opposition to the Government's motion. (Doc. # 132). On August 20, 2012, Petitioner filed a motion for summary judgment and a response in opposition. This case is now ripe for review.

## 28 U.S.C. § 2255

Title 28, Section 2255 of the United States Code provides that a prisoner in custody under sentence of a federal court may file a motion in the Court which imposed the sentence to vacate, set aside, or correct the sentence. The statute states four grounds upon which such relief may be claimed: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law, and (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C.A. § 2255. "Generally, 28 U.S.C. § 2255 requires [a] petitioner to prove by a preponderance of the evidence that 'the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law.'" Leano v. United States, 334 F. Supp. 2d 885, 890 (D.S.C. 2004). In Leano, the District Court noted that this is "the proof needed to allege a constitutional error," and that "[t]he scope of review of non-constitutional error is more

2

limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'" Leano, 334 F. Supp. 2d at 890 (quoting United States v. Mikalajunas, 186 F.3d 490, 495-96 (4th Cir. 1999)). In deciding a 28 U.S.C. § 2255 motion, the Court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing Petitioner's pro se motion, and finds that no hearing is necessary.

## STANDARD OF REVIEW

The Government has moved for summary judgment. (Doc. # 130). In examining a motion for summary judgment, the Court must determine whether there exists a genuine issue of material fact. Fed. R. Civ. P. 56. Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of genuine issues of material fact. Celotex Corporation v. Catrett, 477 U.S. 317, 323; see also, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249. Though this initial responsibility rests with the moving party, when a motion for summary judgment is made and supported as provided in Rule 56, the non-moving party must produce "specific facts showing that there is a genuine issue for trial," rather than resting upon bald assertions contained in the pleadings. See Celotex, 477 U.S. at 324. Thus, the plain language of Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element

3

essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue of material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the non-moving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. Celotex, 477 U.S. at 322-23 (1986).

## DISCUSSION

Petitioner raises two grounds for relief in his Petition. The first is an ineffective assistance of counsel claim, and the second is related to the decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). The Court will address each claim in turn.

In his first ground for relief, Petitioner alleges that defense council was ineffective because he failed to object to the career offender designation at his re-sentencing. The Government asserts that this claim should be denied as being without merit.

In order to prevail on a claim of ineffective assistance of counsel, a defendant must prove two things: one, that counsel's performance fell below an objective standard of reasonableness; and two, that counsel's deficiencies prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687-692, 104 S.Ct. 2052, 2063-67 (1984). A defendant asserting an ineffective assistance of counsel claim must satisfy both prongs, and a failure of proof on either prong ends the matter. U.S. v. Roane, 378 F.3d 382, 404 (4th Cir. 2004) (citing Williams v. Kelly, 816 F.2d 939, 946-47 (4th Cir.1987)).

Under the first prong of Strickland, we apply a "strong presumption" that a trial counsel's strategy and tactics fall "within the wide range of reasonable professional assistance." Id. (citing Strickland, 466 U.S. at 689). For a lawyer's trial performance to be deficient, his errors must have been so serious that he was not "functioning as the 'counsel' guaranteed the defendant by the Sixth

4

Amendment." Id. (citing Strickland at 687). The reasonableness of a lawyer's trial performance must be "evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of reasonableness is highly deferential." Id. (citing Kimmelman v. Morrison, 477 U.S. 365, 381 (1986); Strickland, 466 U.S. at 689).

In order to establish prejudice under Strickland 's second prong, a defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. A reasonable probability is a "probability sufficient to undermine confidence in the outcome." Id. In the context of a guilty plea, the prejudice prong is satisfied where there "is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). The first inquiry--whether counsel's performance was deficient -- may be by-passed if the claim is more easily disposed on the ground of lack of prejudice. Strickland 466 U.S. at 697.

The reviewing court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Further, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . .." Id. at 689. As the Strickland Court observed:

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.

Id. at 689. (Citations omitted).

Petitioner's argument revolves around his classification as a career offender. Petitioner alleges that he was improperly sentenced as a career offender and defense counsel should have objected at the re-sentencing hearing to the designation. However after careful review and consideration, the Court finds Petitioner's argument to be without sufficient legal merit. At the outset, it bears noting that Petitioner's appellate counsel raised the career offender issue in the second appeal. Appellate counsel raised this argument in the context of an <u>Anders</u> brief. The Fourth Circuit affirmed the re-sentencing finding that Petitioner was properly deemed a career offender. See <u>United States v. Justin Dewayne Barr</u>, No. 10-4014 (4th Cir. July 12, 2011). A petitioner cannot ordinarily bring a collateral attack on the basis of issues litigated on direct appeal. <u>Boeckenhaupt v. United States</u>, 537 F.2d 1182, 1183 (4th Cir.), cert denied, 429 U.S. 863, 97 S. Ct. 169 (1976).

However, out an abundance of caution, this Court has re-examined Petitioner's career offender designation, and concludes that Petitioner was properly deemed a career offender such that any objection to the classification by counsel would have been frivolous. A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S.S.G. §4B1.1 (a). Petitioner does not challenge the first two criteria, but asserts that one of the prior felony convictions relied upon in the pre-sentencing report does not qualify as predicate convictions for application of the career offender provisions.

The terms "Crime of violence" and "Controlled substance offense" are defined at U.S.S.G. 4B1.2 as follows:

(a) The term "crime of violence" means any offense under federal or state law,

> punishable by imprisonment for a term exceeding one year, that–
> **(1)** has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> **(2)** is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.
>
> **(b)** The term "controlled substance offense" means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

On remand, Petitioner was sentenced to 115 months imprisonment as a career offender based on two prior South Carolina convictions. Petitioner was convicted of strong arm robbery and distribution of cocaine base. Petitioner's designation as a career offender subjected him to an increased advisory sentencing guidelines range. Petitioner asserts that his two predicate offenses cannot qualify as a predicate offenses because his state drug charge was reduced to a non-violent offense and that he only served 90 days of shock incarceration for his strong arm robbery offense. Contrary to Petitioner's assertions, South Carolina's common law offense of strong arm robbery and distribution of cocaine base both qualify as predicate offense for purposes of the Guidelines. See U.S.S.G. §4B1.2. Despite the sentence actually served by the Petitioner, the convictions count as prior felony convictions because these offenses are both punishable by terms of imprisonment exceeding one year. See U.S.S.G. §4B1.2(a). Therefore, both offenses were properly counted as predicate offenses for purpose of designating the Petitioner as a career offender. As such, This Court cannot conclude that defense counsel was not ineffective for refusing to file frivolous objections to the career offender designation.

Petitioner's second argument for vacating his sentence is that under the <u>Simmons</u> decision, the career offender designation does not apply to him. <u>United States v. Simmons</u>, 649 F.3d 237 (4th

Cir. 2011)(en banc) concerned a unique sentencing regime that exists in North Carolina's state courts. In Simmons, the Fourth Circuit held that when assessing whether prior North Carolina convictions constitute predicate offenses courts must look only to the statutory minimum and maximum sentence found by the North Carolina state court for the particular defendant. The Simmons decision expressly overruled United States v. Harp, 406 F.3d 242 (4th Cir. 2005). As all of Petitioner's prior convictions are from South Carolina, United States v. Simmons is inapplicable to this case, and irrelevant to the Petitioner's claim that his prior South Carolina offenses should not serve as predicate offense for his designation as a career offender. After careful review and consideration, the Court concludes that the Petitioner's prior South Carolina state convictions are qualifying predicate offenses for purposes of U.S.S.G. §4B1.1 and that Petitioner was correctly sentenced pursuant to U.S.S.G. §4B1.1 as a career offender.

## CONCLUSION

For the foregoing reasons, Petitioner's motion for relief pursuant to 28 U.S.C. § 2255 is **DENIED** (Doc. # 126); the Government's motion for summary judgment is **GRANTED** (Doc. # 130); the Petitioner's motion for summary judgment is **DENIED** (Doc. 134); and this action is hereby **DISMISSED.**

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. The Court concludes that it is not appropriate to issue a certificate of appealability as to the issues raised herein. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

s/Terry L. Wooten
TERRY L. WOOTEN
United States District Judge

September 26, 2012
Florence, SC